UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE RAMISHVILI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAMAR TORADZE,<br><br>　　　　　Defendant. | Case No. 1:21-cv-274-GTS-TWD<br><br>Chief Judge Glenn T. Suddaby<br>Magistrate Judge Therese W. Dancks |

### PLAINTIFF GEORGE RAMISHVILI'S RESPONSE TO DEFENDANT TAMAR TORADZE'S EX-PARTE LETTER-MOTIONS AND MOTION TO STRIKE AND FOR ATTORNEYS' FEES

Pursuant to the Court's Text Order (ECF. No. 14), Plaintiff George Ramishvili ("Plaintiff"), by and through his undersigned counsel, hereby responds to Defendant Tamar Toradze's ("Defendant") Ex-Parte Letter-Motion (ECF No. 13) and respectfully requests that the Court deny Defendant's request for a protective order for failure to demonstrate good cause as set forth in Federal Rule of Civil Procedure 26(c)(1), and, to the extent permissible, strike Defendant's letter from the record under Federal Rule of Civil Procedure 12(f) for introducing additional defamatory statements.[1] Plaintiff further seeks attorneys' fees incurred with this response pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).  In addition, Plaintiff responds to Defendant's recently filed Letter-Motion to Extend Time to Answer (ECF No. 16) and respectfully requests that the Court deny Defendant's untimely request.

---

[1] *See Universal Instruments Corp. v. Micro System Engineering, Inc.*, 2017 WL 745594, at *4 (N.D.N.Y. Feb. 24, 2017) (noting that a party may move the court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter"); *see also Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (holding that to prevail on a motion to strike a movant must show, among other things, that allowing the challenged allegations to stand would result in prejudice to the moving party).

1

## I. The Court Should Deny Defendant's Ex-Parte Letter-Motion Seeking a Protective Order, Strike It From the Record, and Award Attorneys' Fees

On April 19, 2021, Defendant filed an Ex-Parte Letter-Motion to the Court that not only fails to demonstrate good cause for a protective order under the federal rules, but is false in its entirety and is designed to mislead the Court with further defamatory and sensational allegations against Plaintiff, as well as to deflect from the fact that Defendant failed to meet the deadline to respond to Plaintiff's Complaint – as further discussed below.  The following *additional* defamatory and misleading statements against Plaintiff included in Defendant's Letter-Motion represent an identical pattern of lies she has been perpetuating about Plaintiff for the past eleven months by using the news media and her personal social media outlets.  These statements are carefully constructed to maximize harm and damage to Plaintiff's reputation:

- "I fear for my life";
- "I am currently shocked under the utterance of an immediate threat to me and my family by the Plaintiff";
- "I am unable to protect myself and my family here in United States of America";
- "I in fact was threatened by death by Plaintiff in the past and this issue must be immediately addressed to this Court before I sustain irreparable harm";
- "[M]y privacy has been invaded by Plaintiff";
- "Plaintiff and its legal counsel have engaged in questionable and unethical acts by setting up a possible illegal surveillance on me by tracking me and on everything that is around me, including my engagements on social media";
- "I feel violated more and more for the fact that Plaintiff has demonstrated great disregard to the American Justice System";
- "Plaintiff by its agents have somehow located my home address and since that I have been harassed, intimidated, and or otherwise violated"; and
- "I make this application to preserve my safety and privacy before it is too late."

*See* Ex-Parte Letter-Motion (ECF No. 13) 1-2.  Plaintiff vehemently denies Defendant's sensational claims.  To be *very* clear, Plaintiff and his counsel have never communicated with Defendant and therefore could never have threatened her at any point in her life.  To the extent that Plaintiff claims that her privacy has been violated with respect to her social media posts and her home address, all of that information is publicly available.  The one *singular* communication

involves Defendant – not Plaintiff or his counsel – reaching out to Plaintiff's counsel via email, not the other way around as she has falsely represented.  *See* Exhibit A.

A party must demonstrate "good cause" for the court to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in connection with delineated discovery issues.  *See* Fed. R. Civ. P. 26 (c)(1)(A)-(H).  Here, Defendant's newly manufactured false and baseless allegations regarding Plaintiff and his counsel – for which she provides no proof – fails to establish good cause.  In terms of the requested relief, Defendant's request falls outside of the delineated discovery issues and instead appears to seek a protective order requesting "no direct contact from the Plaintiff or his agents" and to "grant me appearances remotely without any information provided to the Plaintiff or its counsel about my location."  *See* Ex-Parte Letter-Motion (ECF No. 13) 2.  The Court has already denied Defendant's request "enjoining Plaintiff from communicating with Defendant other than through (his) counsel during the pendency of this action" as "unsupported by a showing of cause."  *See* Text Order (Dkt. No. 14).  To the extent that Defendant seeks to hide her location from Plaintiff and his counsel, that creates an obstacle to Plaintiff's obligations under court rules regarding service of pleadings on a *pro se* party and therefore should be denied or, in the alternative, Defendant should be required to accept service of pleadings electronically.

Given Defendant's bad-faith Ex-Parte Letter-Motion seeking inappropriate relief and further alleging new defamatory statements against Plaintiff and his counsel, Plaintiff requests that the Letter-Motion be stricken from the record due to its intentional "scandalous" nature which has "no bearing on the issues in the case" and attorneys' fees incurred in connection with this response. *See Universal Instruments Corp.*, 2017 WL 745594 at *4 (internal citations omitted).  Under the federal rules, if a party's motion for protective order is denied, the court "must . . . require the

3

movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(B). Rather than respond to the Plaintiff's complaint – an obligation she has abandoned — Defendant used the instant Letter-Motion for a protective order as *another* opportunity to allege very serious and damaging defamatory statements against Plaintiff. There is absolutely no justification for making such statements and the Court should sanction Defendant for wasting the Court's and Plaintiff's time and resources to address her baseless claims.

## II.     The Court Should Deny Defendant's Motion to Extend Time to Answer

On April 26, 2021, Defendant filed a Motion to Extend Time to Answer (ECF No. 16) seeking until May 31, 2021 to respond to the Complaint because she "was served improperly" given that her "neighbor was served instead of [her]" and she was "recently diagnosed with COVID-19." Mot. (ECF No. 16) 1. Critically, Defendant was served properly on March 16, 2021 by substitute service. *See* Aff. Service (ECF No. 6) 1. As reflected in the Affidavit of Service, Defendant's co-occupant was served with the pleadings because she refused service. *Id.*

The bad faith exhibited by Defendant is further supported by posts on her public Facebook account demonstrating that, contrary to her representations to the Court, she had in fact been served the Complaint. *See* Nina Kheladze Affidavit ("N. Kheladze Aff."), Exhibit B, ¶¶ 2-3. On March 17, 2021, Defendant's post on her personal Facebook post confirmed that she was served with the Complaint and as part of that post she *once again* makes sensational defamatory statements against Plaintiff – such as "I will not forgive you [for] destroying my family and making my two brothers disappear" and "[y]ou were not able to scare me by threatening me and you think you will scare me off by suing" – and posts a picture of what appears to be herself holding the filings with highlighting. *See* Def. Facebook Post, Exhibit C, 2-3. In addition, on March 29, 2021, after

4

Defendant was served with the Complaint, she posted an image to her personal Facebook account of herself laughing in the street in response to the instant lawsuit – clearly indicating that she is not suffering from COVID-19 or is allegedly in "fear", "threatened" or "harassed" or "intimidated". *See* Def. Facebook Post, Exhibit D, 2; *see also* Ex-Parte Letter-Motion (ECF No. 13) 1-2.

It is clear that Defendant is violating her duty of candor to the Court, Defendant was properly served and her response to the Complaint was due on April 6, 2021. Defendant intentionally failed to timely respond to the Complaint and instead continued to make defamatory statements against Plaintiff and skirt her obligations to this Court. For these reasons, the Court should deny Defendant's Motion to Extend Time to Answer.

### III. Conclusion

Accordingly, for the reasons fully set forth above, the Court should deny Defendant's Ex-Parte Motion-Letter (ECF No. 13), strike it from the record pursuant to Federal Rule of Civil Procedure Rule 12(f), and award Plaintiff his reasonable attorneys' fees incurred in connection with this motion. The Court should also deny Defendant's Motion to Extend Time to Answer (ECF No. 16).

Dated: April 27, 2021                                   Respectfully submitted,

                                                        /s/ Rizwan A. Qureshi

                                                        Alexandra C. Manfredi (Bar No. 519018)
                                                        Reed Smith LLP
                                                        599 Lexington Avenue, 22nd Floor
                                                        New York, NY 10022
                                                        Telephone: 212.521.5400
                                                        Facsimile: 212.521.5450
                                                        AManfredi@reedsmith.com

                                                        Rizwan A. Qureshi (DC Bar No. 1024603)
                                                        Reed Smith LLP

1301 K Street, N.W.<br>
Suite 1000 - East Tower<br>
Washington, DC  20005<br>
Telephone:  202.414.9200<br>
Facsimile:  202.414.9299<br>
rqureshi@reedsmith.com<br>
(Admitted *Pro Hac Vice*)

*Counsel for Plaintiff George Ramishvili*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants:

> Tamar Toradze
> 263 Tuckers Corners Rd., Apt. 2
> Highland, NY 12528
> *Defendant*

/s/ Rizwan A. Qureshi
Rizwan A. Qureshi, Esq.

6