UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE RAMISHVILI, | Case No. 1:21-cv-274-GTS-TWD |
| Plaintiff, | Chief Judge Glenn T. Suddaby |
| | Magistrate Judge Therese W. Dancks |
| v. | |
| TAMAR TORADZE, | **REDACTED** |
| Defendant. | |

**PLAINTIFF GEORGE RAMISHVILI'S RESPONSE TO COURT'S ORDER**

Pursuant to the Court's April 20, 2021 Text Order (ECF No. 15), Plaintiff George Ramishvili ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Response and Affidavit of Plaintiff George Ramishvili (the "Affidavit"), attached hereto as **Exhibit A**, to demonstrate that Plaintiff has satisfied the amount in controversy requirement of $75,000 for this Court to exercise diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).  As fully stated herein, Plaintiff has suffered monetary losses in investment opportunities in the amount of ▇▇▇▇▇▇▇ and $191,293 in mitigation damages as a direct result of Defendant Tamar Toradze's ("Defendant") defamatory statements.

On March 9, 2021, Plaintiff brought the instant civil action against Defendant alleging defamation *per se* and, in the alternative, defamation based on Defendant's outrageous and false statements that Plaintiff killed her two brothers in her neighbor's apartment and that Plaintiff has threatened to hire someone for $100,000 to kill or harm Defendant if she discloses that Plaintiff was involved in that murder.  *See* Compl. (ECF No. 1) ¶ 1.   Defendant started broadcasting those defamatory statements starting on June 4, 2020 to the media – both in Georgia and in the United States – and has continued to make such statements to date, even before this Court.  As

set forth in the Complaint, Plaintiff seeks monetary damages of no less than $75,000 to compensate him for the significant harm to his professional reputation, among other types of damages. For the reasons contained herein and in the Affidavit, although Plaintiff can establish significantly more than $75,000 in damages, his prevailing interest in this civil action is obtaining injunctive relief to permanently enjoin Defendant, as well as any other individuals or entities acting in concert with her, from engaging in any further defamatory acts. Her statements have not only had a direct financial impact on Plaintiff, but have caused significant distress to him and his family. *See, e.g.*, **Ex. A** at ¶ 11.

On April 20, 2021, the Court ordered that Plaintiff, within thirty days of the date of the order, to "present competent proof establishing, by a preponderance of the evidence, that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* Order (ECF No. 15). "The diversity statute confers original jurisdiction on the federal district courts with respect to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states.'" *See Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (internal citation omitted). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdiction amount.'" *Id.* (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). A district court may look to evidence outside of the pleadings when resolving whether to dismiss for lack of subject-matter jurisdiction. *See Dumon v. United States*, 2013 U.S. Dist. LEXIS 170058, at *17 (N.D.N.Y. Dec. 3, 2013) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "When a court evaluates whether to dismiss

for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff." *Id.*

As set forth in the Complaint, Defendant's defamatory statements have caused serious reputational harm to both Plaintiff and his company, Silk Road Group, which has resulted in "*serious* current and future consequences with respect to financing by international financial institutions and global investor relationships." *See, e.g.*, Compl. (ECF No. 1) ¶¶ 63, 65, 71, 73-74. As more fully set forth in the Affidavit, Plaintiff has satisfied the amount-in-controversy requirement for this Court to exercise subject-matter jurisdiction over this civil action because he has suffered (a) personal losses directly stemming from Defendant's defamatory allegations totaling to ▇▇▇▇▇▇▇ in special damages resulting from a lost investment opportunity and (b) $191,293 in mitigation damages resulting from expenses to minimize the harm caused by Defendant's defamatory allegations.[1]

### I. Plaintiff Suffered ▇▇▇▇▇▇▇ in Special Damages

Under New York law, special damages consist of "the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation." *See Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 179 (2d Cir. 2000) (citing *Matherson v. Marchello*, 100 A.D.2d 233, 235 (N.Y. 2d Dep't 1984)). These types of damages "must be fully and accurately identified, with sufficient particularly to identify actual losses." *Thai v. Cayre Group, Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010) (internal citation omitted).

Plaintiff is the founder and Chairman of Silk Road Group and holds a 61.9% stake in the company, which accounts for a large source of his income. *See* **Ex. A** at ¶ 1. Given the widespread nature of Defendant's defamatory statements, Silk Road Group's major clients have

---

[1] Given that there is no dispute that the parties are diverse, Plaintiff does not address that requirement of diversity jurisdiction.

3

been made aware of her sensational allegations, which has resulted in actual and severe damage to both Plaintiff's and his company's reputation in Georgia and internationally. *Id.* at ¶¶ 3-4.

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████  *Id.* at ¶ 4.

Given the egregiousness of Defendant's allegations against Plaintiff, and the frequency of such allegations, to avoid similar inquiries from other clients and investors, as well as to minimize media exposure to both Plaintiff and Silk Road Group, Plaintiff asked Silk Road Group to suspend activities related to at least one investment opportunity in fiscal year 2020. *See Id.* at ¶¶ 5-7. This lost business opportunity resulted in a direct loss of ████████ to Plaintiff's personal income for 2020. *Id.* at ¶ 6. This loss alone satisfies the amount in controversy requirement of $75,000 for diversity jurisdiction under 28 U.S.C. § 1332(a).

## II. Plaintiff Suffered $191,293 In Mitigation Damages

In addition to business investment losses Plaintiff suffered directly as a result of Defendant's defamatory allegations, Plaintiff also suffered $191,293 in mitigation damages resulting from public relation expenses and attorney's fees. "The general rule regarding attorney's fees is that a plaintiff in a defamation action has the right, 'at the risk of the wrongdoer,' to 'attempt by a reasonable and proper effort to prevent damage liable to result from the wrongful act which has been committed against him' and to recover from the defendant the costs thereby incurred." *See Metro Opera Ass'n v. Local 100*, 2005 U.S. Dist. LEXIS 14422, at *18-19 (S.D.N.Y. July 26, 2005) (internal citation omitted).

In *Metro Opera*, the district court found that plaintiff's attorney's fees resulting from its efforts "to protect the Met's name, its patrons, its donors, its contributors' names and reputations against" defendants' defamatory statements were "recoverable as mitigation damages." *Id.* at *19. Other federal district courts in New York have arrived at similar conclusions. *See, e.g., Houston v. The New York Post*, 1996 U.S. Dist. LEXIS 19705, at *16-17 (S.D.N.Y. Jan. 10, 1997) (permitting plaintiff leave to amend her complaint alleging defamation claims to include "attorney's fees or expenses" as mitigation damages).

Plaintiff has retained a global strategic and public relations advisory firm, Project Associates, to mitigate the damage caused to his reputation as a direct result of Defendant's defamatory statements. *See* **Ex. A** at ¶ 8. Since June 2020 until February 2021, Project Associates has spent six hours per week developing advice on public relations issues and strategy, resulting in Plaintiff personally spending $110,000 to date. *Id.*

Additionally, Plaintiff has retained undersigned counsel to initiate the instant legal action against Defendant for defamation *per se* and, in the alternative, defamation causes of action. *Id.* at ¶ 9. Plaintiff's retention of undersigned counsel was a necessary expense to mitigate damage caused by Defendant's defamatory statements by protecting his and his company's name. *Id.* To date, Plaintiff has spent $81,293 in attorney's fees. *Id.*

### III. Conclusion

For the reasons set forth above, Plaintiff respectfully requests the Court to find that he has established, by a preponderance of the evidence, that there is a reasonable probability that the amount in controversy well exceeds $75,000.

Dated:  May 20, 2021                               Respectfully submitted,

/s/ Rizwan A. Qureshi

Alexandra C. Manfredi (Bar No. 519018)
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone:  212.521.5400
Facsimile:  212.521.5450
AManfredi@reedsmith.com

Rizwan A. Qureshi (DC Bar No. 1024603)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, DC  20005
Telephone:  202.414.9200
Facsimile:  202.414.9299
rqureshi@reedsmith.com
(Admitted *Pro Hac Vice*)

*Counsel for Plaintiff George Ramishvili*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2021, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants:

> Tamar Toradze
> 263 Tuckers Corners Rd., Apt. 2
> Highland, NY 12528
>
> *Pro Se Defendant*

/s/ Rizwan A. Qureshi
Rizwan A. Qureshi, Esq.
