

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

**Rizwan A. Qureshi**
Direct Phone:  +1 202 414 9218
Email:  rqureshi@reedsmith.com

May 20, 2021

**By ECF**

The Honorable Glenn T. Suddaby
Chief U.S. District Judge
U.S. District Court
Northern District of New York
James T. Foley Courthouse
Suite 509
445 Broadway
Albany, N.Y. 12207

Re:  *George Ramishvili v. Tamar Toradze*, Case No. 1:21-cv-274-GTS-TWD (N.D.N.Y.)

Dear Judge Suddaby:

Pursuant to Local Civil Rule 5.3, I write on behalf of Plaintiff George Ramishvili ("Plaintiff") to request permission to file under seal Plaintiff's Response to Court's Order ("Response") and supporting Affidavit of George Ramishvili ("Affidavit").

On March 9, 2021, Plaintiff filed a Complaint against Defendant Tamar Toradze ("Defendant") alleging two causes of action for defamation *per se* and, in the alternative, defamation, seeking injunctive and monetary relief, among other requested relief (ECF No. 1).

In relevant part, on April 20, 2021, the Court entered a Text Order (ECF No. 15) directing Plaintiff to present competent proof establishing, by a preponderance of the evidence, that the matter in controversy exceeds the sum or value of $75,000 – exclusive of interest and cost – under 28 U.S.C. § 1332(a) within thirty (30) days of the date of the order.

In response to the Court's Text Order (ECF No. 15), Plaintiff has filed a Response to Court's Order ("Response") and Affidavit of George Ramishvili ("Affidavit") to demonstrate that as a direct result of Defendant's defamatory statements, he has suffered special damages resulting from a lost investment opportunity and mitigation damages caused by such allegations.  The Response and the Affidavit contain proprietary business information about (1) Plaintiff and his company's clients and (2) Plaintiff's and his company's investment opportunity with third parties.  To protect such confidential information, and to otherwise protect the integrity of that investment project, Plaintiff seeks to seal the Response and the Affidavit.  Importantly, Plaintiff has contemporaneously filed a redacted version of the Response and the Affidavit on the public docket that has minimal redactions of such confidential and proprietary business information. (ECF Nos. 23 and 23-1).

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON



May 20, 2021
Page 2

      The Second Circuit has held that "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995).

      After the "common law presumption of access attaches," the court must "determine the weight of that presumption" and balance "competing considerations." *Lugosch*, 435 F.3d at 119-20. Such considerations "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* With respect to privacy interests, "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. Each of these requirements are met here.

      First, the Response and the Affidavit both constitute judicial documents given that they are in direct response to a Court's Order. Additionally, the Response and the Affidavit are critical to the Court's determination regarding subject-matter jurisdiction over the instant action. The Response and the Affidavit both demonstrate that Plaintiff has fully satisfied the amount in controversy requirement of $75,000, permitting the Court to exercise subject-matter jurisdiction over this action. Specifically, the Response and the Affidavit contain detailed information regarding the special and mitigation damages that Plaintiff has suffered as a direct result of Defendant's defamatory statements. Accordingly, such documents are integral to the Court's evaluation of its order.

      Second, although the common law presumption of access attaches to the Response and the Affidavit, the information Plaintiff seeks to seal is not only both his and his own company's proprietary business information, but also similar sensitive proprietary information for third parties that is not otherwise publicly available. In fact, Local Civil Rule 5.2 Personal Privacy Protection expressly states that "caution shall be exercised when filing documents that contain . . . individual financial information; and . . . proprietary or trade secret information." L.R. 5.2(a). Accordingly, this Court expressly acknowledges that Plaintiff has a strong privacy interest in his personal financial information and business proprietary information for third parties that outweighs any public access right to such information.

      Based on the aforementioned reasons, Plaintiff respectfully requests the Court seal and to restrict access to Plaintiff's Response to Court Order and Affidavit of George Ramishvili.

      Sincerely,

      /s/ Rizwan A. Qureshi
      Rizwan A. Qureshi

cc:  pro se Defendant (via first class mail)